OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Davis et al., Appellees, v. Loopco Industries, Inc., Appellant.
[Cite as Davis v. Loopco Industries, Inc. (1993),     Ohio St.3d     .]
Contracts -- Rules of contract construction -- Summary judgment improperly granted, when.
(No. 92-636 -- Submitted January 19, 1993 -- Decided April 7, 1993.)
Certified by the Court of Appeals for Cuyahoga County, No. 59594.

In 1981, defendant CMW Holdings, Inc., f.k.a. Loopco Industries, Inc. ("Old Loopco"), manufactured and sold coil strip slitting, processing and handling machinery to plaintiff-appellee David L. Davis' employer, Feralloy Corporation in Cleveland. On August 5, 1984, Withrow Enterprises, Inc. ("Withrow") entered into an asset purchase agreement with Old Loopco under which Withrow purchased all or substantially all of Old Loopco's assets. Withrow then changed its name to Loopco Industries, Inc. ("New Loopco"). Old Loopco was voluntarily dissolved in August 1985.

On July 17, 1986, Davis sustained injuries while operating the coil slitting machinery Old Loopco had manufactured and sold to his employer. On July 15, 1988, Davis and his wife Carla filed a complaint against New Loopco based on products liability theories of strict liability and negligence. An amended complaint was filed joining Old Loopco as a new party defendant. New Loopco was sued on the theory of successor liability.

The trial court granted New Loopco's motion for summary judgment and dismissed, sua sponte, appellants' claims against Old Loopco. Appellants appealed the summary judgment grant in favor of New Loopco. The appellate court reversed, finding material questions of fact were present.

The appellate court finding its judgment to be in conflict with the judgment of the Court of Appeals for Franklin County in Erdy v. Columbus Paraprofessional Inst. (1991), 74 Ohio App.3d 462, 599 N.E.2d 338, certified the record of the case to this court for review and final determination.

Ellis B. Brannon and Gary T. Mantkowski, for appellees.

Calfee, Halter & Griswold, Phillip J. Campanella and Joseph A. Castrodale, for appellant.

Francis E. Sweeney, Sr., J.   The certified question presented by the appellate court is whether Flaugher v. Cone Automatic Mach. Co. (1987), 30 Ohio St.3d 60, 30 OBR 165, 507 N.E.2d 331, adopted the traditional test or the expanded test to determine whether a successor corporation is a mere continuation of a predecessor corporation.  We need not reach this issue, however, as we find the asset purchase agreement between the Old Loopco and New Loopco presents a genuine issue of material fact.

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that:  (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.  Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution.  Doubts must be resolved in favor of the nonmoving party.  Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138, 140.  "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241 [7 O.O.3d 403, 374, N.E.2d 146].  However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term."  Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 449, 474 N.E.2d 271, 272-273.

The asset purchase agreement provides in part:

"1.6  Assumption of Liabilities.  In connection with and in partial consideration for its acquisition of the Purchased Assets, Buyer shall assume as of the Effective Date * * * (iii) certain product liability and warranty obligations, but only to the extent expressly provided in Section 4 hereof * * *."

"4.7  Product Liability.  Buyer shall assume no obligation or liability for product liability claims relating to occurrences taking place before the close of business on the Effective Date; and Seller shall assume no obligation or liability with respect to product liability claims relating to occurrences taking place after the close of business on the Effective Date."

From the four corners of the purchase agreement, we cannot determine which party is responsible for product-liability claims occurring after the effective date of the asset purchase agreement.  The contract is neither clear nor unambiguous. Viewing these provisions most strongly in Davis' favor, reasonable minds could conclude that New Loopco assumed liability after the effective date of the transfer.  This presents a question of fact for the fact-finder.  We,

therefore, affirm the judgment of the appellate court and remand this cause to the trial court for further proceedings.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and Pfeifer, JJ., concur.

A. William Sweeney, J., concurring. I concur in the well-reasoned opinion and judgment of the majority. I write separately to address the certified issue presented by this case. As concisely stated in the majority opinion, the parties to this action are in disagreement regarding the import of the decision of this court in Flaugher v. Cone Automatic Machine Co. (1987), 30 Ohio St.3d 60, 30 OBR 165, 507 N.E.2d 331.

In Flaugher, supra, a majority of the court concluded that, in a sale-of-assets acquisition of one company by another, the successor corporation is generally not liable for the torts of its predecessor. However, the court recognized the following exceptions to the rule:

"(1) the buyer expressly or impliedly agrees to assume such liability;

"(2) the transaction amounts to a de facto consolidation or merger;

"(3) the buyer corporation is merely a continuation of the seller corporation; or

"(4) the transaction is entered into fraudulently for the purpose of escaping liability." Id. at 62, 30 OBR at 167, 507 N.E.2d at 334.

The parties to the instant action disagree as to the breadth of the Flaugher decision with respect to the third exception to the rule. Appellant maintains that liability thereunder occurs only where the successor corporation is a "mere continuation" of its predecessor. Thus, liability under this exception would apply only where the successor constitutes a continuation of the corporate entity. In contrast, appellees maintain that the Flaugher court adopted the "continuity of enterprise" or "expanded mere continuation" doctrine under the third exception to the rule. Thus, appellees contend that the exception would apply if certain factors are present in a particular case. These factors include the following:

"(1) [C]ontinuity of management, personnel, physical location, and assets;

"(2) [D]issolution of the predecessor;

"(3) [A]ssumption of the ordinary business obligations and liabilities by the successor; and

"(4) [T]he successor's presentation of itself as the continuation of the predecessor." 15 Fletcher Cyclopedia of the Law of Private Corporations (1990 Rev.) 275, Section 7123.06.

Inasmuch as I believe that neither theory adequately addresses the public policy concerns which underpin the law of products liability, I continue to adhere to the view expressed in my dissent in Flaugher, supra, at 68, 30 OBR at 172, 507 N.E.2d at 338, that the product line theory should be adopted as the common law of Ohio.

The facts of the present case illustrate the wisdom of the aforementioned approach. As stated by the majority, Old Loopco was acquired by an entity known as Withrow Enterprises, Inc.

for the purpose of continuing the Loopco product line -- including the coil slitting machinery that allegedly injured David Davis. One may ask why Withrow decided to acquire Old Loopco rather than undertake the manufacture of coil slitting machinery as a new corporate enterprise. Two reasons are immediately apparent. As an initial matter, Withrow sought to rely on the accumulated good will that Old Loopco had established in the marketplace. Second, Withrow could rely on the expertise developed by Old Loopco in the years that it manufactured such machinery.

Moreover, one must wonder why, immediately after the acquisition, Withrow Enterprises assumed the persona of its predecessor through adoption of its name. Clearly, it was to represent itself as the heir of the Loopco enterprise.

Given its Herculean efforts to assume the mantle of the Loopco corporate image and to benefit thereby, New Loopco should be estopped from denying its acquired identity for the purpose of products liability.

Accordingly, while I agree with the majority that a genuine issue of fact remains regarding whether New Loopco voluntarily assumed the liability of its predecessor, I would not predicate liability on that basis alone. Regardless of the nature of the agreement between Old Loopco and Withrow Enterprises, liability need not arise exclusively as a matter of contract law. It is axiomatic that, in the context of tort law, two parties are not permitted to contract away the rights of another which arise as a matter of public policy. Likewise, Old Loopco and Withrow Enterprises should not be permitted to agree to foreclose the rights of David Davis. Indeed, to permit such behavior encourages the drafting of contractual provisions which absolves both parties of liability for their tortious acts. This occurs where liability is shifted to the predecessor corporation in order to allow the successor to escape liability while the predecessor is dissolved -- thereby making it judgment-proof. The result is to leave an innocent and injured third party with no remedy and no recourse. Such machinations have no place in the law.

Accordingly, for the additional reasons stated in my dissent in Flaugher, I would affirm the court of appeals.