VANCE, Appellant,

v.

TRIMBLE, Admr., et al., Appellees.

[Cite as *Vance v. Trimble* (1996), 116 Ohio App.3d 549.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE08–1020.

Decided March 29, 1996.

See, 77 Ohio St.3d 1415, 670 N.E.2d 1003; 77 Ohio St.3d 1449, 671 N.E.2d 1286.

*Barkan & Neff Co., L.P.A.* and *Robert E. DeRose*, for appellant.

*Betty D. Montgomery*, Attorney General, and *James A. Barnes*, Assistant Attorney General, for appellee Administrator of Workers' Compensation.

PETREE, Judge.

This matter is before the court upon appeal of appellant, Victoria L. Vance, from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellee, Wesley Trimble, Administrator of Workers' Compensation, and precluding appellant's participation in the Workers' Compensation Fund for the death of her husband, employee-decedent, Gerald Vance ("Vance"). On appeal, appellant presents two assignments of error:

"I. The trial court erred as a matter of law in granting the appellee's motion for summary judgment because whether the decedent's death was purposefully self-inflicted was a question for the jury to decide.

"II. The trial court erred as a matter of law in granting the appellee's motion for summary judgment because the widow-claimant presented competent credible evidence on the issue of proximate causation and the evidence should have been presented to the jury for determination of weight, sufficiency and credibility."

The underlying facts of the case are as follows. Vance was employed by the Ohio State University ("OSU") as a seasonal (temporary) worker in the grounds-keeping department. Shortly before noon on August 3, 1990, Vance reported to his supervisor, Jon T. Strouse, that he had injured his hand while mowing grass. Strouse transported Vance to the OSU student health center, where he was examined by Dr. Pangalangan, an OSU staff physician.

After x-rays revealed no fractures or dislocations, Dr. Pangalangan concluded that Vance had suffered a "minor injury"—a contusion to the dorsal portion of the right hand, which, in Dr. Pangalangan's opinion, caused Vance "a medium amount of pain." Accordingly, he told Vance to go home and not return to work that day. In addition, he gave Vance a wrist brace and recommended treatment consisting of "elevation, continue ice pack, and then apply heat after 24 hours." He also prescribed thirty Darvocet N–100 capsules, a "medium range analgesic" with "instructions of one capsule every three, four hours for pain" and told him to return to the clinic the following Monday. He instructed Vance on the proper use of Darvocet N–100, including the medication's ill effects. In addition, the

label on the prescription bottle indicated that Darvocet N–100 could cause drowsiness and that it should not be taken with alcohol. Strouse and Vance returned to the workplace, where Vance obtained an accident report. He then left work at approximately 3:00 p.m.

At approximately 6:30 p.m., Vance's brother-in-law dropped him off at the home of Greg Catlett, an acquaintance of Vance. Vance wore a removable brace on his right hand and told Catlett he had injured it. Catlett, noting that Vance appeared to be "pretty much drunk," suggested that they go outside and sit in his van to talk. The two men talked for approximately thirty minutes.

Shortly thereafter, Vance fell asleep in the van. Over the course of the next two hours, Catlett and a neighbor periodically checked the van to make sure that Vance was still sleeping. During one of these checks, they noticed that Vance was not breathing. They administered cardiopulmonary resuscitation and called an emergency squad. Despite these efforts, Vance died at approximately 9:47 p.m., on August 3, 1990.

The coroner's report listed the immediate cause of Vance's death as "Propoxyphene (Darvon) overdose." Propoxyphene is the active chemical contained in Darvocet N–100. The toxicology report indicated the presence of approximately eighteen to twenty Darvocet tablets in Vance's system at the time of his death.

Appellant filed a claim to participate in the Workers' Compensation Fund for the death of her husband. The instant action arose in the Franklin County Common Pleas Court, pursuant to R.C. 4123.512, as an appeal from the final decision of the Industrial Commission of Ohio denying appellant's application for workers' compensation benefits.

Appellee filed a motion for summary judgment asserting that Vance's death, due to the overdose of Darvocet, is not compensable under R.C. 4123.54 and 4123.46, as those two sections of the Workers' Compensation Act expressly preclude payment of benefits for purposely self-inflicted injuries. Appellee further asserted that appellant could not establish that Vance's hand injury was the direct or proximate cause of his death. Appellant responded, contending that the issues of proximate causation and whether Vance's conduct in consuming an excessive amount of Darvocet was voluntary are questions of fact to be decided by the trier of fact.

The trial court granted summary judgment in favor of appellee. Specifically, the trial court found that (1) pursuant to R.C. 4123.46 and 4123.54, Vance's death was the result of a purposely self-inflicted drug overdose and the intentional misuse of a prescribed controlled substance; and (2) the drug overdose was an intervening cause that broke the chain of causation; thus, the injuries sustained

by decedent in the course and scope of his employment were not the proximate cause of his death.

By the first assignment of error, appellant argues that the trial court erroneously concluded that R.C. 4123.54(A) barred appellant's recovery as a matter of law.

Civ.R. 56(C) provides, in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there are no issues to try. The trial court should award summary judgment with caution, being careful to resolve doubts and construe the evidence in favor of the nonmoving party. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129. Any doubt as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 609 N.E.2d 144. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(E), the party opposing the motion has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

R.C. 4123.54 sets forth claims that are not compensable under the workers' compensation laws as follows:

"Every employee, who is injured or who contracts an occupational disease, and the dependents of each employee who is killed, or dies as the result of an occupational disease contracted in the course of employment, wherever such injury has occurred or occupational disease has been contracted, provided the same were not:

"(A) Purposely self-inflicted; or

"(B) Caused by the employee being intoxicated or under the influence of a controlled substance not prescribed by a physician where the intoxication or

being under the influence of the controlled substance not prescribed by a physician was the proximate cause of the injury * * *."

In addition, R.C. 4123.46 contains similar language:

"The bureau of workers' compensation shall disburse the state insurance fund to employees of employers who have paid into the fund the premiums applicable to the classes to which they belong when the employees have been injured in the course of their employment, wherever the injuries have occurred, and provided the injuries have not been purposely self-inflicted, or to the dependents of the employees in case death has ensued."

In the instant case, appellant's claim for death benefits is based upon Vance's overdose of Darvocet.

In *Bergquist v. Med. College of Ohio* (June 10, 1988), Lucas App. No. L–87–327, unreported, 1988 WL 60970, the decedent had a history of chemical dependency. Decedent suffered a relapse at the workplace and injected himself with the controlled substance, Meperidine, allegedly to relieve job-related stress. The injection resulted in his death.

Decedent's wife filed a claim for workers' compensation benefits alleging that her husband's death arose out of his employment. Ultimately, the claim was denied through the administrative process because the overdose was voluntarily injected. The trial court granted the employer's motion for summary judgment, finding that R.C. 4123.54 precludes payment of benefits for purposely self-inflicted injuries. The trial court found that there were no genuine issues of material fact, as decedent had unquestionably acted purposely in injecting himself with the overdose of the drug and was of sound mind on the date of his death.

The court of appeals in *Bergquist* affirmed the decision of the trial court, holding, in pertinent part:

"Moreover, even if, arguendo, we should classify Dr. Bergquist's need for the drug as an involuntary physical injury caused by stress, appellant must also prove that Dr. Bergquist's act of injecting himself was not 'purposely self-inflicted' as required under the Act." *Id.* at 6.

■ Applying the rationale of *Bergquist* to the facts of the instant case, this court finds that appellant's claim for workers' compensation benefits is precluded under the provisions of R.C. 4123.54 and 4123.46. As in *Bergquist,* even if we assume that Vance's need for the Darvocet was triggered by a desire to alleviate the pain that resulted from the injury to his hand, Vance's death was "purposely self-inflicted," in that he voluntarily took an overdose of Darvocet. Appellant argues that "[i]n order for an injury or death to be noncompensable the Decedent must have intended the act to cause the injurious consequences which resulted.

\* \* \* To be successful in this defense the Appellees must show that the decedent intended his death, not just that he intended to take the prescribed medication in excess of the dosage." We disagree.

According to *Bergquist*, in determining whether Vance's death was accidental, the determinative factor is whether the act leading to his death was intentional. There is no language in either R.C. 4123.54 or 4123.46 to suggest that Vance must had intended his death; rather, Vance must only have intended to take the prescribed medication in excess of the recommended dosage. Suicide is not the issue.

In the instant case, Vance took the overdose of Darvocet of his own volition; there is absolutely no evidence to suggest otherwise. Dr. Pangalangan verbally instructed Vance to take only one capsule every three to four hours. In addition, similar directions were recorded on the label of the prescription. Vance ignored the recommended dosage; such misuse of an otherwise effective pain reliever proved fatal by his own intentional act. We cannot find that there is any genuine issue as to whether Vance acted voluntarily by overdosing on Darvocet. Therefore, appellee is entitled to summary judgment as a matter of law.

Accordingly, the first assignment of error is not well taken.

Having determined that appellant's workers' compensation claim is precluded by R.C. 4123.54 and 4123.46 as a matter of law, we find appellant's second assignment of error to be moot.

For the foregoing reasons, the first assignment of error is overruled, the second assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

DESHLER, J., concurs.

TYACK, J., concurs separately.

TYACK, Judge, concurring separately.

I do not agree with the majority of this panel as to its disposition of the first assignment of error. The injury for which Victoria Vance seeks to recover is the death of Gerald Vance ("Vance"). I see no basis for finding that Vance purposely inflicted death on himself, *i.e.*, committed suicide. Instead, the quantity of Darvocet taken in conjunction with alcohol consumption is an indication that Vance wished to get "high" and then died as a result of an accidental overdose. As a result, I do not believe that R.C. 4123.54(A) bars participation in the Workers' Compensation Fund.

However, I believe that the large quantity of Darvocet taken is the intervening cause of Vance's death. The relatively minor hand injury enabled Vance to acquire the controlled substance which he abused. The injury and legitimate treatment for that injury were not a proximate cause of his death. The drug abuse, amplified by the effects of alcohol consumption, were *the* proximate cause of his death. Assuming for the sake of this case that Vance had a low pain threshold, the existence of the low pain threshold does not make the consumption of sixteen or more Darvocet pills into something other than drug abuse, with or without the alcohol consumption.

Since no genuine issue of material fact existed as to the issue of proximate causation, summary judgment was appropriate. I, therefore, concur in the result, but not the reasoning of the majority.