OPINION
Plaintiff, Ruben Blackshear, pro se, an inmate incarcerated at the Richland Correctional Institution, appeals from a judgment of the Court of Claims of Ohio granting the summary judgment motion of defendant, Ohio Department of Rehabilitation and Correction.
In 1987, plaintiff was convicted of multiple offenses and was sentenced to an aggregate indefinite term of incarceration of twenty-three to fifty-five years, with an additional three-year term of actual incarceration for use of a firearm. Plaintiff began serving his sentence on December 4, 1987. On February 15, 2001, plaintiff filed a complaint asserting that defendant had failed to properly credit his "earned good time" received via his participation in an Ohio Penal Industries ("OPI") program to his minimum sentence and that, as a result, his first parole hearing should have been held in December 1999, rather than August 2000, as calculated by defendant. Plaintiff claimed a violation of his "rights, privileges and immunities associated with Ohio Revised Code § 2967.13, 2967.19.3(E)(3)" (Complaint at 1) and a violation of his "civil rights, privileges and immunities" (Complaint at 2). Plaintiff requested monetary damages of $40,000.
On March 23, 2001, defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted with regard to the statutory claims and for lack of subject matter jurisdiction over the civil rights claims. On April 5, 2001, plaintiff filed a response to defendant's motion to dismiss, wherein he again asserted that he was due credit for his OPI employment. Although plaintiff stated that his parole hearing date "should have been in August 2000" (Response at 3), he also stated that due to the "common practice" for parole hearings to be held "60 days prior to the actual date set," he "should have seen the Parole Board in June, 2000 if all credits due him had IN FACT been duly recorded and applied * * *[.]" (Response at 3.) He further asserted that he was not afforded a hearing until December 2000 and that he was not claiming a violation of civil and/or constitutional rights (Response at 8), but rather "negligence per se" for failing to follow R.C. 2967.193(C).[1]
(Response at 9.)
By order dated April 25, 2001, the trial court converted defendant's motion to dismiss to a motion for summary judgment and allowed the parties time to file memoranda and appropriate Civ.R. 56(C) materials. To that end, plaintiff filed an affidavit on May 8, 2001, in which he again asserted that defendant had denied him earned credit. Plaintiff further stated that his first parole eligibility hearing date should have been January 2000.
On May 22, 2001, the court granted defendant's motion, holding that defendant had "properly calculated plaintiff's first parole board hearing eligibility date of August 2000, by taking into account the limitations set forth in R.C. 2929.41(E)(2), 2967.19, 2967.191 and 2967.193" and that defendant was thus entitled to judgment as a matter of law.
Plaintiff has timely appealed from that judgment, setting forth a single assignment of error, as follows:
 The trial court erred as a matter of law in holding that the Appellee did properly calculate Parole Board eligibility.
As noted previously, the matter was decided by the trial court upon summary judgment. Pursuant to Civ.R. 56(C), before summary judgment may be granted, it must be determined that no genuine issue of material fact remains, that the moving party is entitled to judgment as a matter of law, and that viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Davis v. Loopco Industries, Inc. (1993), 66 Ohio St.3d 64, 65-66. As the matter before us involves no factual controversy, the only issue upon appeal is whether defendant was entitled to judgment as a matter of law based upon interpretation and application of pertinent criminal sentencing and parole statutes. There is no dispute that the statutes in effect at the time plaintiff was sentenced control the resolution of this matter.
Pursuant to former R.C. 2929.71, a three-year term of actual incarceration imposed upon an inmate must be served prior to the indefinite sentence of twenty-three to fifty-five years and cannot be diminished pursuant to R.C. 2967.19, 2967.193 or 5145.11 (advancement in grade — not relevant to the instant case). Accordingly, plaintiff served the three-year term of actual incarceration for the firearm specification from December 1987 to December 1990. Upon expiration of that term, plaintiff began serving his indefinite sentence of twenty-three to fifty-five years.
Former R.C. 2967.13 provides that an inmate serving an indefinite sentence becomes eligible for parole at the expiration of his minimum term, diminished as provided in R.C. 2967.19, 2967.193 and 5145.11. In addition, former R.C. 2929.41(E)(2) provides that consecutive terms of imprisonment cannot exceed an aggregate minimum term of fifteen years, plus the sum of all three-year terms of actual incarceration, when the consecutive terms imposed are for felonies other than aggravated murder or murder. Accordingly, for parole eligibility purposes, plaintiff's minimum term of twenty-three years is capped at fifteen years.
Pursuant to former R.C. 2967.19, an inmate is entitled to a deduction from his minimum sentence of thirty percent of the sentence, prorated for each month of the sentence during which the inmate faithfully observes the rules of the institution ("good time"). Thus, a fifteen-year minimum term may be reduced by good time to ten and one-half years. In the instant case, plaintiff's fifteen-year minimum term, beginning in December 1990 and reduced to ten and one-half years for good time, would expire in June 2001.
Further, pursuant to former R.C. 2967.193, an inmate is entitled to earn days of credit as a deduction from his minimum sentence for, inter alia, productive participation in an OPI program ("earned credit"). However, earned credit and good time combined cannot reduce an inmate's minimum sentence to less than two-thirds. R.C. 2967.13(L); 2967.19(F); 2967.193(E)(3). Those sections provide, in pertinent part:
§ 2967.13 Parole eligibility
* * *
 (L) The cumulative total of any diminution of sentence granted under section 2967.19 of the Revised Code, any days of credit awarded under section 2967.193 of the Revised Code, and any diminution of sentence granted under section 5145.11 of the Revised Code shall not exceed, for any prisoner, one-third of the minimum or definite sentence * * * imposed upon the prisoner. No prisoner shall be eligible for parole before serving two-thirds of the sentence imposed by the sentencing court, reduced as provided in section 2967.191 of the Revised Code.
§ 2967.19 Time off for good behavior.
* * *
 (F) * * * The cumulative total of any diminution of sentence granted pursuant to this section, any days of credit awarded pursuant to section 2967.193 of the Revised Code, and any diminution of sentence granted under section 5145.11 of the Revised Code shall not exceed, for any prisoner, one-third of the minimum or definite sentence * * * imposed upon the prisoner.
 [§ 2967.19.3] § 2967.193 Days of credit may be earned or awarded.
* * *
 (E)(3) The cumulative total of any days of credit awarded under division (A) or (B) of this section, any diminution of sentence granted pursuant to section 2967.19 of the Revised Code, and any diminution of sentence granted pursuant to section 5145.11 of the Revised Code shall not exceed, for any prisoner, one-third of the minimum or definite sentence * * *.
Accordingly, as a matter of law, a fifteen-year minimum sentence can be reduced to no less than ten years by good time and earned credit. With plaintiff's indefinite sentence beginning in December 1990, his minimum sentence, reduced to ten years with the maximum combination of good time and earned credit, would expire in December 2000.
As set forth in R.C. 2967.13(L), an inmate's minimum sentence may also be reduced, pursuant to R.C. 2967.191, by jail time credit awarded by the sentencing court. In the instant case, plaintiff received one hundred nine days (approximately three and one-half months) of jail time credit. If plaintiff earned the maximum amount of combined good time and earned credit (reducing his minimum term to ten years) and was then awarded one hundred nine days of jail time credit, his minimum term would expire in mid-August 2000. The Update/Correction to Inmate File (attached to plaintiff's complaint as Exhibit B) indicates a "2/3 FHD" (the earliest first hearing date possible) of August 11, 2000. As a matter of law, August 2000 is the proper calculation of the expiration of plaintiff's minimum sentence, if he has earned the maximum deduction allowed for earned credit and good time and if he has been awarded one hundred nine days of jail time credit.
In his brief before this court, plaintiff admits that defendant's records reflect a parole eligibility date of August 2000, arrived at by subtracting one hundred nine days of jail time credit from December 2000. However, plaintiff erroneously asserts that the December 2000 date takes into account only good time and not earned credit. This assertion is indisputably incorrect and is at the core of plaintiff's miscalculation. If only good time is taken into account, plaintiff's fifteen-year minimum term, commencing December 1990 and reduced no more than the thirty percent statutorily allowed by R.C. 2967.19 for good time, would result in a ten and one-half year sentence expiring June 2001, not December 2000. Only if plaintiff received the maximum deduction for a combination of good time and earned credit (one-third, which would reduce a fifteen-year term to ten years) would his minimum sentence expire in December 2000. The difference between December 2000 and June 2001 is six months, or one hundred eighty days — the number of days of earned credit plaintiff argues that he earned through OPI participation but did not receive. Under the criminal and parole statutes in effect at the time plaintiff was sentenced, it is clear that August 2000 was the earliest that plaintiff could become eligible for parole and that is the date reflected as the "2/3 FHD" in defendant's records.
We further note that plaintiff now appears to contend that he was not afforded his first parole eligibility hearing until December 2000. Although plaintiff mentioned the issue in his April 5, 2001 motion and his May 8, 2001 affidavit, he did not develop any substantive argument regarding the issue. Further, and most importantly, he failed to raise any such allegation in his complaint. The crux of plaintiff's argument throughout the proceedings has been whether defendant properly credited him with earned credit received from his participation in an OPI program. As discussed at length above, defendant did not err in its calculation of plaintiff's first parole eligibility date. Because plaintiff failed to raise in his complaint any argument he may have regarding his actual hearing date, we need not address plaintiff's belated contention at this time. Any contention plaintiff may have regarding the actual date of his first hearing must be raised in a subsequent action against the proper defendant.
For the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.
Judgment affirmed.
LAZARUS and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Former R.C. 2967.193(C) provides, in relevant part, that: "Any days of credit earned by a prisoner under division (A) of this section shall be awarded to the prisoner at the expiration of the calendar month in which they are earned, and, after those days have been awarded, they shall not be reduced or forfeited for any reason."