{¶ 41} I concur in the majority's decision to reverse the trial court's award of summary judgment to the employer, Appellee Howard D. Shapiro, M.D. However, I respectfully dissent from the majority's final decision, as I feel that summary judgment should properly be rendered in favor of the employee, Appellant John C. Andrefsky, M.D. I find the express terms of the contract to be clear and unambiguous, and no genuine issues of material fact left to be resolved. See Davis v. Loopco Indus.,Inc. (1993), 66 Ohio St.3d 64, 66; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 42} Based on a plain reading of the Andrefsky-Shapiro Agreement, the term "physician compensation" is explicitly written in the singular and directed at the sole physician referenced in the document, Appellant Dr. Andrefsky. By giving ordinary meaning to common words, I can only conclude that this term relates to Appellant's first year compensation for purposes of calculating his second year compensation. See Alexanderv. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus (instructing courts to give common words their ordinary meaning when reviewing written instruments).
 {¶ 43} Therefore, because I find the language of the Agreement to be plain on its face, I find no material issues of fact to be resolved by a trier of fact. Accordingly, I would grant summary judgment in favor of Appellant, with clarification that "physician compensation" means Appellant's first year salary. Finally, I concur in the majority's determination that "compensation" includes benefits as well as salary.