[Cite as *Natl. City Bank v. Herak*, 2011-Ohio-2286.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95540**

## NATIONAL CITY BANK

PLAINTIFF-APPELLANT

vs.

## JAYNE HERAK, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-701583

**BEFORE:**  Sweeney, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**  May 12, 2011

**ATTORNEY FOR APPELLANT**

Robert B. Weltman, Esq.
Weltman, Weinberg & Reis Co.
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEES**

David M. Lynch, Esq.
29311 Euclid Avenue, Suite 200
Wickliffe, Ohio 44092

JAMES J. SWEENEY, J.:

**{¶ 1}** Plaintiff-appellant National City Bank ("NCB") appeals the court's judgment in favor of defendants-appellees Jayne Herak, Christopher Herak, and Richard Rohlke ("defendants") in this action to collect on an account. After reviewing the facts of the case and pertinent law, we affirm.

**{¶ 2}** On January 10, 2005, defendants, on behalf of RPH and Associates, Inc., ("RPH") applied for a small business line of credit with NCB, which was granted in the amount of $10,000.

**{¶ 3}** On August 14, 2009, NCB filed a complaint against defendants, alleging that the account was in default and attempting to collect $9,272.46 plus interest. The disputed issue in this case is whether defendants were personal guarantors for the loan.

**{¶ 4}** A bench trial was held and on July 14, 2010, the court entered judgment for defendants, making the following findings of fact: RHP defaulted on the loan and is liable to NCB. Before executing loan documents, all three defendants expressed to NCB "the requirement that any loan made to RPH * * * be made without a personal guarantee by any of the individual defendants." An NCB agent assured defendants that RHP "could obtain a loan without a personal guarantee." All three defendants left blank a box stating "I intend to apply as a guarantor of the obligations of a business, including sole proprietors" in Section 4 of the application when they signed the RPH loan documents. However, the RPH loan documents that NCB submitted into evidence included a check-mark in the aforementioned box in Section 4 next to each defendant's name. At one time, NCB applied funds from defendant Rohlke's personal account as payment on the RHP loan; Rohlke contacted NCB, explained that he was not personally liable for the RHP loan, and NCB reversed the charges, crediting Rohlke's personal account. NCB's sole witness was not involved in the execution of the RHP loan documents and could not testify as to who checked the Section 4 boxes.

**{¶ 5}** The court entered judgment in favor of defendants. NCB appeals and raises two assignments of error for our review.

**{¶ 6}** "I. The trial court committed reversible error by considering parol evidence and giving new meaning to clear and unambiguous contract terms."

{¶ 7} "II. The trial court committed reversible error by finding that the addition of a checked box on the small business credit application constituted a material alteration."

{¶ 8} If the terms of a contract are clear and unambiguous, then its interpretation must be discerned from the four corners of the contract as a matter of law. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 609 N.E.2d 144. "However, where there is ambiguity in a contract, parol evidence may be admitted to explain such ambiguities." *Kelley v. Ferraro*, 188 Ohio App.3d 734, 2010-Ohio-2771,¶28, 936 N.E.2d 986. It is well settled law that ambiguities in a contract "will be construed most strongly against the party who prepared it." *Franck v. Railway Exp. Agency* (1953), 159 Ohio St. 343, 345-356, 112 N.E.2d 381.

{¶ 9} We review questions of law under a de novo standard, although "a trial court's interpretation of an ambiguous term within a contract ordinarily is entitled to deference." *Short v. Greenfield Meadows Assoc.*, Highland App. No. 07CA14, 2008-Ohio-3311, ¶26.

{¶ 10} In the instant case, NCB argues that its small business credit application is clear and unambiguous, and that by signing it, defendants personally guaranteed the loan. According to NCB, whether the Section 4 box in question was checked when defendants signed the document is irrelevant, because the language in the box "simply re-enforced the plain language of the rest of the application." Therefore, NCB argues that extrinsic evidence

that NCB's agent told defendants that they would not be personally liable on the loan was prohibited.

{¶ 11} Defendants, on the other hand, argue that the contract is ambiguous in light of the evidence that the Section 4 box stating "I intend to apply as a guarantor of the obligations of a business, including sole proprietors" was unchecked. According to defendants, this ambiguity allowed the court to look at evidence surrounding contract negotiations to better understand the intent of the parties. The evidence in the record shows that all three defendants agreed to the loan with the understanding that they would not be personally liable in the event of a default. NCB presented no evidence to contradict this, other than the agreement, which the court found ambiguous.

{¶ 12} Additionally, NCB presented no evidence to contradict all three defendants' testimony that they did not check the Section 4 box in question. In fact, when NCB deducted a payment for the RHP loan from one of the defendant's personal accounts, it was deemed a mistake and the money was credited back to the personal account.

{¶ 13} Given this evidence, we cannot say that the court erred in finding the agreement ambiguous, and thus allowing defendants to present extrinsic evidence. We find no error in the court's holding that NCB failed to establish that defendants entered into the loan agreement as guarantors. NCB's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.



JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, J., CONCUR