[Cite as *Haight v. Cheap Escape Co.*, 2013-Ohio-182.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

JOHN HAIGHT, et al.                    :

    Plaintiffs-Appellees          :          C.A. CASE NO.    25345

v.                                     :          T.C. NO.    12CV946

CHEAP ESCAPE COMPANY, et al.           :          (Civil appeal from
                                                   Common Pleas Court)

    Defendants-Appellants         :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    25th    day of    January   , 2013.

. . . . . . . . . .

ANDREW BILLER, Atty. Reg. No. 0081452, 4200 Regent Street, Suite 200, Columbus, Ohio 43219
    Attorney for Plaintiffs-Appellees

SCOTT J. ROBINSON, Atty. Reg. No. 0074053, 1111 Superior Avenue, Suite 1000, Cleveland, Ohio 44114
    Attorney for Defendants-Appellants

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Cheap Escape Company (dba "JB Dollar Stretcher")

and its principals, Robert Minchak and Joan Minchak, appeal a decision of the Montgomery County Court of Common Pleas, General Division, overruling their motion made pursuant to R.C. 2711.02 and R.C. 2711.03 to stay proceedings against them and compel plaintiffs-appellees John Haight and Christopher Pence (hereinafter "the appellees") to engage in arbitration over their wage-related claims against JB Dollar. The trial court issued its decision overruling JB Dollar's motion on August 2, 2012. JB Dollar filed a timely notice of appeal with this Court on August 27, 2012.

{¶ 2}    In early August of 2011, appellees Haight and Pence both executed contracts provided by JB Dollar which purported to govern the terms and conditions of their employment and the scope of their duties as sales representatives (hereinafter "the contract"). The contract consists of a detailed non-compete agreement, which includes an arbitration clause which is at the heart of the instant litigation. Haight was employed by JB Dollar as sales representative from August of 2011 to December 2011. Pence was employed in the same capacity from August of 2011 through October of 2011.

{¶ 3}    On February 6, 2012, the appellees filed a complaint against JB Dollar asserting that appellants wrongfully withheld wages and/or commissions from appellees, plus claims of breach of contract and quantum meruit. Appellees also sought a declaratory judgment in order to determine the constitutionality of R.C. 4111.14(B)(1) and R.C. 4111.14(K). Appellees also requested certification of a collective action based on their claims arising out R.C. 4111.14(K).

{¶ 4}    Shortly thereafter, JB Dollar filed a motion to stay the proceedings and to compel arbitration, pursuant to R.C. 2711.02 and R.C. 2711.03. In its motion, JB Dollar

argues that the employment agreement signed by the parties contained an arbitration provision to which appellees' claims are subject. Appellees filed a memorandum contra on March 2, 2012, in which they argue that the agreement submitted by JB Dollar and signed by appellees was merely a non-compete agreement with an arbitration clause built into it. Thus, appellees asserted that the *non-compete* agreement was inapplicable to their claims.

{¶ 5} The trial court agreed with appellees and overruled JB Dollar's motion for a stay and motion to compel arbitration in a decision issued on August 2, 2012, specifically finding that the agreement entered by JB Dollar was a non-compete agreement that did not apply to appellees' claims. Accordingly, the trial court held that appellees did not have to submit to arbitration, but rather were free to litigate their claims against JB Dollar in the trial court.

{¶ 6} It is from this decision that JB Dollar now appeals.

{¶ 7} JB Dollar's first assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN FAILING TO STAY THE MATTER AND COMPEL ARBITRATION."

{¶ 9} In its first assignment, JB Dollar contends that appellees failed to meet their burden with respect to adducing sufficient evidence that their claims were excluded from the scope of the arbitration agreement. Specifically, JB Dollar argues that the trial court erred when it improperly relied on a document designated the "Outside Commission Salesperson-Employee Compliance Agreement" as being the basis for the appellees' claims, rather than the actual arbitration agreement signed and executed by appellees as part of their employment agreement.

{¶ 10} Ohio has long had a strong public policy favoring arbitration. *Schaeffer v. All State Ins. Co*, 63 Ohio St.3d 708, 711, 590 N.E.2d 1242, 1245 (1992). Arbitration is favored because it allows parties to by-pass expensive and time-consuming litigation and "provides the parties thereto with a relatively expeditious and economical means of resolving a dispute." *Id.* at 712.

{¶ 11} The primary question in the instant appeal is whether the appellees' claims against JB Dollar are subject to the arbitration clause in the contract. "The arbitrability of a claim is a question of law, and we review the arbitrability of a claim de novo." *McManus v. Eicher*, 2d Dist. Greene No. 2003-CA-30, 2003-Ohio-6669; see also *St. Mary's v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, 875 N.E.2d 561, at ¶ 38 ("Contract interpretation is a matter of law, and questions of law are subject to de novo review on appeal.").

{¶ 12} Ohio's public policy favoring arbitration is codified at R.C. Chapter 2711. Under R.C. 2711.02(A), a written arbitration clause "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." If a party moves to stay proceedings pending arbitration, pursuant to "an agreement in writing for arbitration," the court must first satisfy itself "that the issue involved in the action is referable to arbitration" under the agreement. R.C. 2711.02(B).

{¶ 13} In the instant case, appellees do not dispute that they signed and consented to a non-compete agreement provided by JB Dollar. Additionally, appellees agree that the non-compete agreement contains an arbitration clause. Appellees do not dispute that the arbitration clause is applicable to non-compete and non-disclosure related employment issues. Appellees, however, contend that pursuant to the contract, the enforceability of the arbitration clause is limited to only non-compete and non-disclosure related employment issues. Specifically, appellees argue that JB Dollar is attempting to apply an arbitration clause that is part of a non-compete agreement to legal claims which are completely unrelated to the underlying contract.

**{¶ 14}** Initially, we note that the contract is clearly titled on the first page, "NON-COMPETITION AGREEMENT." Additionally, the first page of the contract contains the following statements which outline the purpose and scope of the agreement:

> **WHEREAS**, the Corporation has developed confidential business information and products which it desires to protect from unauthorized disclosure or use by its employees, former employees and third parties; and
>
> **WHEREAS**, *the Employee understands that the purpose of this Agreement is to restrict the use, disclosure or copying of confidential information or products of the Corporation and to restrict the Employee from competing with the Corporation as set forth herein.*

**{¶ 15}** In light of the foregoing unequivocal contractual language, the purpose of the contract was that it serve as a non-compete and non-disclosure agreement. Thus, it follows that the arbitration clause in the contract only relates to non-compete and non-disclosure issues. It is undisputed that appellees' legal claims against JB Dollar are totally unrelated to non-competition/non-disclosure matters.

**{¶ 16}** Relevant to appellees' argument in this regard is Section 12(a) of the contract which states in pertinent part:

> With the exception of claims by Corporation or Employee for injunctive relief, Employee agrees that any dispute, controversy, claim, or difference between Corporation and Employee *which directly or indirectly relates to or arises out of this Agreement*, or its breach, shall be subject to arbitration ***.

**{¶ 17}** Upon review, we find that none of appellees' claims relate to or arise out of any issues with respect to non-competition and/or non-disclosure as they are discussed in the contract.

**{¶ 18}** We also note that the exhibits attached to the contract do not act to expand the scope of the arbitration clause's purview to matters outside those contained in the

contract, nor do the exhibits transform the non-competition contract into an agreement which governs every aspect of the appellees' employment at JB Dollar. For example, Exhibits A and B are not contractual provisions. Rather, Exhibit A is a list of JB Dollar's commissions structure for its salespeople. Exhibit B merely contains a discussion of how JB Dollar pays commissions and makes certain deductions from those commissions. Pursuant to language in the contract, Exhibits A and B "fluctuate according to paper and postage pricing and can be revised by the Publishers at any time." Lastly, Exhibit C is simply a job description for outside commission salespeople which contains a list of duties and other responsibilities for that position. Each exhibit is primarily a policy statement prepared by JB Dollar that does not rely upon the existence of the contract. We note that the non-compete contract does not explicitly mention the Outside Commission Salesperson Employee Compliance Agreement (OCSECA), nor is the OCSECA specifically labeled as Exhibit A, Exhibit B or Exhibit C. Moreover, the OCSECA has a separate signature line and title heading. Thus, the attachment of certain exhibits and the OCSECA does not act to expand the arbitration clause in the contract beyond non-competition/non-disclosure issues.

{¶ 19} When the language of a written agreement is clear, a court may look no further than the writing itself to find the intent of the parties. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978). As a matter of law, a contract is unambiguous if it can be given a definite legal meaning. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 219, 2003-Ohio-5849, 797 N.E.2d 1256, 1261. It is generally the role of the trier of fact to decide if an ambiguity is present in a written agreement. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, 609 N.E.2d 144, 145 (1993). If a court finds an ambiguity in a contract between parties of unequal bargaining power, the court will strictly construe the ambiguity in favor of the less powerful, non-drafting party. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d at 220.

{¶ 20} Viewed in its entirety, the contract purports to be a non-competition

agreement with an arbitration clause applicable only to issues relating to employee non-competition/non-disclosure. The contract is not a comprehensive agreement meant to govern all aspects of employee conduct and responsibility. However, if any ambiguity exists regarding the nature and scope of the contract, we must strictly construe the ambiguity in favor of appellees. Accordingly, we find that the contract is, in fact, solely a non-competition agreement governed by an arbitration clause. The arbitration clause applies only to those issues regarding non-competition and non-disclosure. As we previously stated, it is undisputed that appellees' claims against JB Dollar are completely unrelated to non-competition/non-disclosure matters. Thus, we find that the trial court did not err when it overruled JB Dollar's motion made pursuant to R.C. 2711.02 and R.C. 2711.03 to stay proceedings against them and compel appellees to engage in arbitration over their wage-related claims which did not fall under the purview of the non-competition agreement's arbitration clause.

**{¶ 21}** JB Dollar's first assignment of error is overruled.

**{¶ 22}** JB Dollar's second and final assignment of error is as follows:

**{¶ 23}** "THE TRIAL COURT ERRED IN FAILING TO CONDUCT A R.C. § 2711.02(A) HEARING AND R.C. § 2711.03(B) TRIAL."

**{¶ 24}** In its final assignment, JB Dollar argues that the trial court erred by overruling the motions to stay and compel arbitration without first conducting an oral hearing pursuant to R.C. 2711.03(A) and a trial pursuant to R.C. 2711.03(B).

**{¶ 25}** R.C. 2711.03 governs a motion to compel arbitration and states in pertinent part:

(A) [T]he court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. *If no jury trial is demanded as provided in this division, the court shall hear and determine that issue.*

{¶ 26} With respect to division (A) of R.C. 2711.03, JB Dollar asserts that the language "[t]he court shall hear the parties ***" means that a trial court is required to hold an oral or evidentiary hearing. It is undisputed that JB Dollar never requested an oral hearing, and the trial court permitted the parties to submit extensive briefs regarding the issues surrounding the applicability or inapplicability of the arbitration clause to the appellees' claims. At least three other Ohio appellate courts have concluded that a party waives its right to an R.C. 2711.03 hearing by failing to request one. *Hoppel v. Feldman*, 7th Dist. Columbiana No. 09 CO 34, 2011-Ohio-1183, ¶41 (citing cases). We note, too, that the parties here were "heard" insofar as they submitted evidence to the trial court in the form of affidavits. See *Hoppel*, at ¶42 (reasoning that "a party is 'heard' for the purposes of R.C. 2711.03 where the trial court accepts his or her affidavit").

{¶ 27} On February 27, 2012, JB Dollar filed a motion to stay the proceedings and to compel arbitration, pursuant to R.C. 2711.02 and R.C. 2711.03. Attached to its motion was the non-compete agreement and the exhibits. Appellees filed a memorandum contra on March 2, 2012, in which they argue that the agreement submitted by JB Dollar and signed by appellees was merely a non-compete agreement with an arbitration clause built into it. Attached to appellees' memo contra were affidavits from both appellees Haight and Pence, as well as various other evidentiary materials. JB Dollar filed a reply brief on March 12, 2012, to which it failed to attach any additional evidentiary materials.

{¶ 28} Upon review, we conclude that JB Dollar's failure to request a hearing below and submission of written evidentiary materials in the form of briefs and other documentation has waived its right to complain about the lack of a hearing pursuant to R.C.

2711.03(A). *Moran v. Riverfront Diversified, Inc.*, 197 Ohio App.3d 471, 2011-Ohio-6328, 968 N.E.2d 1 (2d Dist.).

{¶ 29}    Having found that the trial court was not required to hold a hearing pursuant to R.C. 2711.03(A), it was unnecessary for the court to conduct a trial pursuant to R.C. 2711.03(B) because "the making of the arbitration agreement" was not at issue, nor was "the failure to perform" the arbitration agreement at issue. R.C. 2711.03(B).   After "hearing" the parties pursuant to R.C. 2711.03(A), the trial court specifically found that appellees' claims were not subject to the terms of the arbitration agreement.   Accordingly, the trial court was not required to further consider any additional arguments by JB Dollar.

{¶ 30}    JB Dollar's second and final assignment of error is overruled.

{¶ 31}    All of JB Dollar's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:
Andrew Biller
Scott J. Robinson
Hon. Mary Katherine Huffman