[Cite as *White v. Toledo*, 2015-Ohio-3667.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Bryan C. White, et al.                                  Court of Appeals No. L-15-1076

      Appellants                                  Trial Court No. CI0201402059

v.

City of Toledo, et al.                                  **DECISION AND JUDGMENT**

      Appellees                                  Decided:  September 10, 2015

* * * * *

D. Lee Johnson and D. Scott Williams, for appellants.

Adam W. Loukx, Law Director, Jeffery B. Charles, and
Michael A. Kyser, for appellees.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

**{¶ 1}** This is an appeal from the judgment of the Lucas County Court of Common

Pleas that granted appellees', the City of Toledo and Lieutenant Edward Bombrys,

motion for summary judgment against appellants, Bryan C. White and Shirley Richards. We reverse.

## A. Facts and Procedural History

{¶ 2} The dispute surrounds a traffic incident which occurred on February 27, 2014. Appellants, who were together in one vehicle, and Lieutenant Bombrys were travelling in the same direction on Douglas Road. Appellants slowed to a stop as they approached an intersection. At the same time, another officer announced over the radio that he had pulled over two suspects. This call caused Lieutenant Bombrys to become distracted by the electronic equipment in his police cruiser. Due to this distraction, Lieutenant Bombrys struck the rear of appellants' vehicle causing the alleged injuries to appellants. Appellants filed suit for negligence and negligence per se in the Lucas County Court of Common Pleas. Appellees claimed political-subdivision immunity under R.C. 2744.02 in response.

{¶ 3} Lieutenant Bombrys was deposed on August 20, 2014. During this deposition, Lieutenant Bombrys testified that he was in the process of going to assist the other officer at the time of the traffic incident. He also testified that he had discretion on which calls he could respond to as he was leader of the Gang Unit. Lieutenant Bombrys stated that he could have continued on his patrol had he decided to do so, even after receiving the call from the other officer. He also stated that he did not alert anyone that he was responding to the call of the fellow officer, and that there was no protocol for him to do so.

2.

**{¶ 4}** Appellees filed a motion for summary judgment claiming Lieutenant Bombrys was immune from suit. Appellants responded by claiming that issues of material fact existed about whether Lieutenant Bombrys was on a "call of duty" at the time of the incident. In response, appellees filed a reply and attached an affidavit in support from Lieutenant Bombrys. The affidavit stated that Lieutenant Bombrys does not usually "put much on the air" about his movements. Rather, he responds as needed to various calls over the radio. Lieutenant Bombrys also clarified that if a more urgent call had come over the radio, he could have responded rather than assist the other officer. The affidavit indicated that Lieutenant Bombrys was trained to assist other officers who were outnumbered by suspects and that he could have been disciplined had he not done so. Finally, the affidavit stated Lieutenant Bombrys was "professionally obligated" to assist the other officer. The trial court granted the motion for summary judgment, determining that the affidavit clarified Lieutenant's Bombrys' previous deposition testimony.

## B. Assignments of Error

**{¶ 5}** Appellants set forth two assignments of error for our review:

> Assignment of Error No. 1: The trial court erred by granting summary judgment on the issue of a professional obligation to respond to the call of duty, where appellee's affidavit supporting summary judgment motion contradicted same appellee's prior deposition.

3.

Assignment of Error No. 2: The trial court erred by granting summary judgment on the issue of sovereign immunity, where there existed genuine issues of material fact regarding whether appellee was professionally obligated to respond to a dispatch transmission.

## II. Analysis

### A. Standard of Review

{¶ 6} A motion for summary judgment is reviewed de novo by an appellate court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "'When reviewing a trial court's ruling on summary judgment the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" *Gunsorek v. Pingue*, 135 Ohio App.3d 695, 700, 735 N.E.2d 487 (10th Dist.1999), quoting *Baker v. Buschman Co.*, 127 Ohio App.3d 561, 566, 713 N.E.2d 487 (12th Dist.1998).

{¶ 7} In order to obtain summary judgment at the trial level,

* * * it must be determined that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994), citing *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144 (1993); *See also* Civ.R. 56(C).

4.

{¶ 8} A trial court must grant the motion with caution and must be "careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 671 N.E.2d 1129 (1993), citing *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 359, 604 N.E.2d 138 (1992).

{¶ 9} When making a motion for summary judgment, a moving party "must specifically delineate the basis upon which summary judgment is sought." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus. The moving party must also identify those parts of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Should this burden be met, the nonmoving party must respond with specific facts showing a genuine issue of material fact exists. *Id.* A "material fact" is one which would affect the outcome of the suit. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999), citing *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996).

### B. Use of Contradictory Affidavit

{¶ 10} Appellants first contend that the trial court erred when the court took into consideration Lieutenant Bombrys's affidavit attached to appellees' reply. Appellant argues that the affidavit and the officer's previous deposition testimony are in conflict with each other. We agree.

{¶ 11} A moving party's contradictory affidavit cannot be used to obtain a summary judgment. *Bryd v. Smith*, 110 Ohio St.3d 24, 850 N.E.2d 47, 2006-Ohio-3455,

5.

¶ 22, citing *Turner v. Turner*, 67 Ohio St.3d 337, 617 N.E.2d 1123, (1993) paragraph one of syllabus. A court must first determine whether the affidavit is merely supplementing the information in the deposition testimony or is contradictory to the previous testimony. *Id*. at ¶26. If the affidavit is inconsistent without explanation, the contradictory information cannot be considered when determining whether to grant the motion for summary judgment. *Id*. If the information in the affidavit is merely supplementary, the affidavit can be considered by the court when determining whether to grant summary judgment to a moving party. *Id*.

{¶ 12} We find that the affidavit is contradictory to the officer's previous testimony. In his deposition, Lieutenant Bombrys clearly states that he has discretion on whether to respond to a call from another officer with two suspects pulled over. He also testified that he could have continued on his patrol without assisting the other officer. This directly contradicts the affidavit appellee attached in its reply. The affidavit states that it is the policy of the police department to have available officers assist a "single officer who has two or more suspects." The affidavit continues, stating that Lieutenant Bombrys could have faced discipline for not attempting to assist the other officer. His deposition testimony shows that he had unilateral authority to decide whether to assist the outnumbered officer, yet the affidavit attempts to show that he had no choice but to respond. We find these statements to be contradictory. Therefore, the affidavit cannot be used when determining whether summary judgment should be granted. Appellants' first assignment of error is well-taken.

6.

## C. Emergency Call

{¶ 13} We find there are genuine issues of material fact as to whether Lieutenant Bombrys was responding to an emergency call. A three-tiered analysis is required when determining if a political subdivision or its employee is immune from liability. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000). As a general rule, a city is immune from liability incurred in performing either a governmental function or proprietary function. *Id*. *See also* R.C. 2744.02 (A)(1). However, a city can be liable for the negligent operation of a motor vehicle by one of the city's employees. R.C. 2744.02 (B)(1). That is, unless the employee is a police officer who is responding to an "emergency call," and whose "operation of the vehicle did not constitute willful or wanton misconduct." R.C. 2744.02(B)(1)(a).

{¶ 14} An emergency call is defined as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A). The Ohio Supreme Court has gone on to define a call to duty to include "a situation to which a response by a peace officer is required by the officer's professional obligation." *Colbert v. Cleveland*, 99 Ohio St.3d 215, 790 N.E.2d 781, 2003-Ohio-3319, ¶ 13. Determining whether an officer is on an emergency call is generally a question of fact to be determined by the jury. *Hewitt v. Columbus*, 10th Dist. Franklin No. 08AP-1087, 2009-Ohio-4486, ¶ 10. This does not preclude the claim

from being reviewed on a motion for summary judgment as the question under such a motion is whether an absence of material fact has been shown to exist. *Wagner v. Heavlin*, 136 Ohio App.3d 719, 727, 737 N.E.2d 989 (7th Dist.2000).

{¶ 15} Lieutenant Bombrys did not activate his siren or lights, or let police dispatch know he was attempting to assist another officer. Rather, he unilaterally decided to assist the other officer. None of these factors are required to trigger the political subdivision immunity appellee is seeking. However, when these facts are viewed in a light most favorable to appellant, reasonable minds could come to different conclusions about whether Lieutenant Bombrys was professionally obligated to assist the other officer or if he was on his way to assist the other officer. The failure to activate his siren or lights does not immediately preclude appellees from receiving the immunity they are seeking, but it does support the inference, when viewed in a light most favorable to appellant, that Lieutenant Bombrys was not responding to an emergency call. The same inference can be drawn from Lieutenant Bombrys's failure to tell anyone he was going to assist another officer. Lieutenant Bombrys merely relies on his own self-serving affidavit to prove his professional obligation. His contradictory statements in his affidavit create issues of material fact which can only be determined by the trier of fact. We therefore find appellants' second assignment of error well-taken.

### III. Conclusion

{¶ 16} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is reversed. The matter is remanded to the trial court for further

8.

proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Stephen A. Yarbrough, P.J.

_____

James D. Jensen, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.