KIRK, Appellant,

v.

EDWARDS, Appellee, et al.

[Cite as *Kirk v. Edwards* (1995), 103 Ohio App.3d 187.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE08–1189.

Decided May 2, 1995.

*McNamara Law Office* and *James D. McNamara,* for appellant.

*Jeffery M. Holtschulte,* for appellee.

PETREE, Judge.

Plaintiff, Margaret Kirk, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant, Ron Edwards. Plaintiff sets forth the following assignment of error:

"The trial court erred to the prejudice of the plaintiff by granting summary judgment when there existed genuine issues of material fact in the record, and where the defendant-appellee was not entitled to judgment as a matter of law."

Plaintiff is an attorney engaged in the private practice of law. Defendant is a detective with the Madison Township Police Department. On June 25, 1992, a judge of a division of the Franklin County Court of Common Pleas appointed plaintiff as guardian *ad litem* of the minor child Zachary Goodyear as a result of criminal charges which had been filed by Zachary's mother, Teresa Meller, f.k.a. Teresa Goodyear. In the complaint, Meller alleged that Zachary's father, Jay Goodyear, had sexually abused him. At the time the complaint was filed, Zachary was living in Columbus with his mother. Shortly after the complaint was filed, the court issued an order prohibiting further visitation by Zachary's father, whereupon Meller moved her son to Texas to live with her current husband, Lance Meller.

Subsequent to her appointment as guardian *ad litem*, plaintiff contacted defendant, who had been assigned to the case. Defendant told plaintiff that he had previously investigated similar allegations made by Teresa Meller against Zachary's former uncle, Marty Chafin. Defendant stated that medical tests had revealed some physical evidence of sexual abuse, but that Chafin had been cleared of any wrongdoing. Defendant told plaintiff that he believed the current allegations of sexual abuse had been fabricated by Teresa Meller in order to gain an advantage in a custody dispute with Zachary's father. Plaintiff also contacted the psychologist who had examined Zachary and was advised by him that unsupervised interviews with Zachary concerning the subject of sexual abuse would not be in the child's best interest.

At a hearing held in the criminal matter on August 15, 1992, plaintiff expressed her personal opinion that Zachary had been sexually abused by someone, but that she was not certain who was the perpetrator. Plaintiff also communicated her concern to defendant that Lance Meller had not been considered a suspect in the investigation.

On September 5, 1992, Zachary was scheduled for a weekend visit with his father in Columbus. Plaintiff could not attend the visit and asked a colleague, Harvey Sukienik, to supervise. Plaintiff instructed Sukienik that no one was to raise the subject of sexual abuse with Zachary outside her presence or outside the presence of a licensed professional psychologist.

During the scheduled weekend visit, defendant arrived at the Goodyear's home unexpectedly and asked to speak to Zachary. There is some dispute in the testimony as to the exact nature of the discussions between defendant and Sukienik. Nevertheless, the parties agree that Sukienik refused to allow defendant to interview the child at that time. Defendant admits that he threatened to bring charges of obstructing justice against plaintiff if he was not permitted to interview the child at once.

On the Monday immediately following defendant's attempt to interview Zachary, defendant filed felony charges of obstructing justice against plaintiff. Shortly thereafter, and following a meeting between the prosecutor and defendant, plaintiff was offered a dismissal of the charges in return for her agreement to release defendant and his employer from civil liability. Plaintiff refused this offer. Nevertheless, the charges against plaintiff were dismissed within ten days of filing; no warrant was ever issued.

On July 15, 1993, plaintiff filed the instant action in the Franklin County Court of Common Pleas against defendant and the Madison Township Board of Trustees, alleging malicious prosecution. Defendants filed a motion for summary judgment on April 21, 1994.[1] The trial court granted defendant's summary judgment motion by decision dated July 22, 1994. The decision was journalized on July 24, 1994. Plaintiff appeals to this court from the judgment of the trial court.

In plaintiff's sole assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendant. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue at to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 609 N.E.2d 144. The trial court should award summary judgment with caution, being careful to resolve doubts and to construe evidence in favor of the nonmoving party. *Id.* See, also, *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129.

The elements of the tort of malicious criminal prosecution are malice in the instituting or continuing of the criminal prosecution, lack of probable cause, and the termination of the prosecution in favor of the accused. See, *e.g., Criss v. Springfield Twp.* (1990), 56 Ohio St.3d 82, 564 N.E.2d 440; *Trussell v. Gen.*

---

1. On June 24, 1994, plaintiff's claims against the Madison Township Board of Trustees were dismissed pursuant to a stipulation of dismissal.

*Motors Corp.* (1990), 53 Ohio St.3d 142, 559 N.E.2d 732; *Durbin v. Ohio State Hwy. Patrol* (1992), 83 Ohio App.3d 693, 615 N.E.2d 694.

R.C. 2921.32 prohibits obstructing justice as follows:

"(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

" * * *

"(4) Destroy or conceal physical evidence of the crime, or *induce any person to withhold testimony or information* or to elude legal process summoning him to testify or supply evidence[.]"   (Emphasis added.)

The trial court held that plaintiff failed to produce any evidence of the lack of probable cause or the existence of malice.

In *Durbin, supra,* we held that the probable cause necessary to defeat a claim of malicious prosecution requires reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person to believe that the accused is guilty of the crime charged. *Id.,* 83 Ohio App.3d at 696, 615 N.E.2d at 696–697.  The trial court specifically found that defendant had probable cause for filing the charge of obstructing justice, based on the circumstances known to defendant at the time of filing.  However, based on our review of all the evidence in the record, and construing that evidence in a light most favorable to plaintiff, we determine that a genuine issue of material fact exists whether defendant had probable cause to file the charges.  In our view, the evidence in the record permits an inference that defendant's alleged belief that plaintiff had obstructed justice was not reasonable under the circumstances.

In defendant's deposition, he admits that prior to September 5, 1992, plaintiff had given him every indication that she intended to cooperate fully with the police investigation.  In fact, defendant admitted that plaintiff encouraged defendant to continue the investigation even though he believed the charges were falsified and that plaintiff urged him to consider Lance Meller as a possible suspect.  Moreover, while the trial court specifically found that defendant had, on more than one occasion, attempted to contact plaintiff to arrange an interview with Zachary prior to September 5, 1992, defendant's deposition testimony indicates only that he may have written plaintiff on one occasion and may have telephoned her office, but received no answer.  Furthermore, defendant stated that he learned of Zachary's visit approximately two weeks prior to September 5, 1992, but could not state whether he had made any efforts to contact plaintiff during that two-week period.

Similarly, while there is evidence that defendant was told by a prosecutor that plaintiff could not legally prevent him from interviewing the child, defendant was also told by Teresa Meller's attorney that he could not interview Zachary without a court order. The record also discloses that defendant made no attempts to contact plaintiff after Sukienik refused to permit the unscheduled interview of Zachary. Moreover, defendant made no effort to contact the prosecutor assigned to the criminal case prior to filing charges against plaintiff, even though he had maintained close contact with the prosecutor throughout the proceedings. Defendant also acknowledged that he had never filed similar charges against a guardian *ad litem* prior to this incident.

Although there is also evidence in the record that Sukienik told defendant that he was instructed by plaintiff not to allow an interview with Zachary under any circumstances, this evidence is not conclusive of the probable cause issue given defendant's awareness of plaintiff's prior cooperativeness. In short, when viewed in the light most favorable to plaintiff, the evidence is sufficient to create a genuine issue of material fact whether defendant had probable cause to file the charges of obstructing justice against plaintiff.

█ With respect to the issue of malice, it has been held that under some circumstances malice can be inferred from the absence of lack of probable cause. *Donohoe v. Burd* (S.D.Ohio 1989), 722 F.Supp. 1507, affirmed (C.A.6, 1991), 923 F.3d 854. Moreover, a finding of legal malice need not be predicated upon evidence of actual ill will or evil intent; it may be evidenced by wanton and reckless refusal to make a reasonable investigation with regard to the propriety of prosecution, or by the refusal to terminate prosecution upon notice that it is wrongful. See *Ray v. City Bank & Trust Co. of Natchez, Miss.* (S.D.Ohio 1973), 36 Ohio Misc. 83, 65 O.O.2d 112, 358 F.Supp. 630. *Donohoe, supra.*

In the present case, a factual issue exists whether defendant had probable cause to bring charges of obstructing justice against plaintiff. Furthermore, the record discloses that defendant made no attempt to contact plaintiff after the incident at the Goodyear residence or to confirm the appropriateness of the charges with the prosecutor. Additionally, testimony in the record indicates that defendant became outraged when told he could not interview Zachary, and on the spot he made threats of criminal prosecution against plaintiff and Sukienik. In our view, this evidence allows a reasonable inference that defendant acted with malice in filing the charges against plaintiff for obstructing justice. Consequently, the trial court erred when it determined that plaintiff had produced insufficient evidence to support an inference of malice.

Given the existence of a genuine issue of material fact concerning the absence of probable cause and the existence of malice, we hold that the trial court erred in

granting summary judgment in favor of defendant. Accordingly, plaintiff's sole assignment of error is sustained.

Having sustained plaintiff's assignment of error, we hereby reverse the judgment of the trial court and remand this case for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and MILLIGAN, JJ., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.