OPINION
{¶ 1} Plaintiff-appellant, James M. Petty ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas entering summary judgment in favor of defendants-appellees, Kroger Food and Pharmacy ("Kroger") and Scott Heeter ("Heeter"), on appellant's claims for false arrest and malicious prosecution. For the following reasons, we affirm. *Page 2 
 {¶ 2} On the evening of February 28, 2000, appellant presented three prescriptions, along with his new prescription insurance card, to the pharmacy in the Kroger store located at 2474 Stringtown Road in Grove City, Ohio. While the pharmacy filled his prescriptions, appellant spent 20 to 25 minutes shopping for groceries. Appellant picked up his prescriptions from the pharmacy, signed the pharmacy log, and told the pharmacist that he would pay for his groceries at the front of the store. Appellant and the pharmacist did not discuss the amount due on appellant's prescriptions. At his deposition, appellant testified that he believed his insurance covered the entire cost of his prescriptions and that he was not required to make a co-payment. Appellant did not recall whether a receipt was stapled to the outside of the bag containing his prescriptions.
 {¶ 3} Appellant proceeded immediately to the check-out lanes at the front of the store, where the cashier rang up appellant's groceries, and appellant wrote a check for the amount due. The cashier questioned appellant about the absence of a paid sticker on his prescription bag, and appellant responded that his insurance covered the prescriptions. At the cashier's request, the bagger left to check with the pharmacy about whether appellant needed to pay for his prescriptions. There is a dispute in the evidence as to whether the bagger took appellant's prescriptions with him and whether he had returned to the check-out lane before appellant left the store. Appellant testified that the bagger took the prescriptions with him to the pharmacy and that he had returned and placed the prescriptions in appellant's grocery bag before appellant left the store. Regardless, appellant admits that he left the Kroger store without paying any co-payment toward his prescriptions. *Page 3 
 {¶ 4} Shortly after appellant left the Kroger store, Heeter, a Kroger loss-prevention employee, telephoned appellant's home and left a message that appellant had not paid for his prescriptions and would need to return to the store to resolve the situation. Appellees contend that appellant owed co-payments totaling $119.71 on his prescriptions. Appellant returned Heeter's telephone call and attempted to explain that the bagger checked with the pharmacy to be sure the prescriptions were paid for. Nevertheless, appellant told Heeter that he would be driving through Columbus on his truck-driving route late that evening and would return to the store.
 {¶ 5} Meanwhile, Heeter contacted the Grove City Police Department. In response, Officer J. Edwards compiled a written incident report from Heeter, in which Heeter indicated that Kroger would press charges against appellant, along with written witness statements from three Kroger employees: (1) pharmacy employee Craig Karn; (2) cashier Shayla Patton; and (3) bagger Alan Farthing.
 {¶ 6} Appellant returned to the Kroger store around midnight. Two Grove City police officers at the Kroger store on an unrelated matter followed appellant into the store. At appellant's request, a cashier showed appellant, followed by the officers, to Heeter's office. Appellant introduced himself, and Heeter told the police officers that he wanted appellant arrested, even though one of the officers suggested that the situation sounded like a misunderstanding that could be rectified. Officer D. Fraley arrested appellant, and, with appellant's consent, the officers searched appellant's truck and recovered the prescriptions. Officer Fraley swore a criminal complaint, charging appellant with theft of prescriptions, a violation of R.C. 2913.02. The complaint was time-stamped in the Franklin County Municipal Court at 3:44 a.m. on February 29, 2000. *Page 4 
 {¶ 7} Because appellant's blood pressure was too high for acceptance into the Franklin County jail, he was taken to Columbus Community Hospital for treatment until he was stabilized. Appellant was then taken to the Franklin County jail. Appellant testified that he remained in the Franklin County jail for three or four days, until released on recognizance.
 {¶ 8} On June 30, 2000, the Franklin County Grand Jury indicted appellant on three counts of theft of prescriptions, in violation of R.C. 2913.02, felonies of the fourth degree. Eventually, after appellant took a polygraph examination, the criminal charges against him were terminated by the filing of a nolle prosequi entry on April 2, 2001.
 {¶ 9} On February 28, 2002, appellant filed a civil complaint for false arrest and malicious prosecution against Kroger and Heeter. Appellant voluntarily dismissed his initial complaint on August 8, 2003, and refiled his complaint on August 4, 2004.
 {¶ 10} On October 27, 2006, appellees moved the trial court for summary judgment on appellant's claims.[1] Appellant opposed appellees' motion, filing a memorandum contra on November 13, 2006, and appellees filed a reply memorandum on November 30, 2006. On December 8, 2006, the trial court issued a decision granting appellees' motion for summary judgment. In granting appellees' motion, the trial court found that the one-year statute of limitations set forth in R.C. 2305.11(A) barred appellant's false arrest claim and that appellant's malicious prosecution claim failed because appellees had probable cause to support their actions. On January 10, 2007, the trial court journalized its entry of judgment in favor of appellees. *Page 5 
 {¶ 11} Appellant filed a timely notice of appeal and, in his single assignment of error, asserts:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THE WITHIN CAUSE GIVEN THE FACT THAT THERE WERE DISPUTED ISSUES OF FACT, SUMMARY JUDGMENT WAS NOT APPROPRIATE.
By his assignment of error, appellant contends that genuine issues of material fact precluded the entry of summary judgment in favor of appellees.
 {¶ 12} Appellate review of summary judgment is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, we apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. Maust v.Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107; Brown at 711.
 {¶ 13} Pursuant to Civ.R. 56(C), a court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. *Page 6 
 {¶ 14} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the non-movant bears a reciprocal burden to produce competent evidence of the types listed in Civ.R. 56(C) showing that there is a genuine issue for trial. Id.; Civ.R. 56(E). Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-359.
 {¶ 15} We first address appellant's claim for false arrest. "`The essence of the tort of false arrest is the depriving of a person of his or her liberty without lawful justification. Specifically, a plaintiff must show only that he or she was detained and that the detention was unlawful.'" Tucker v. Kroger Co. (1999), 133 Ohio App.3d 140, 146, quoting Harvey v. Horn (1986), 33 Ohio App.3d 24, 27.
 {¶ 16} The trial court determined that appellant's false arrest claim was time-barred by R.C. 2305.11(A), which provides that "[a]n action for libel, slander, malicious prosecution, or false imprisonment * * * shall be commenced within one year after the cause of action accrued." The Ohio Supreme Court has stated that, as causes of action, false arrest and false imprisonment are indistinguishable. Rogers v. Barbera (1960),170 Ohio St. 241, 243, quoting 22 American Jurisprudence (1939) 353, False Imprisonment, Sections 2 and 3. Therefore, the one-year statute of limitations set forth *Page 7 
in R.C. 2305.11(A) applies to claims of false arrest as well as to claims of false imprisonment. Mayes v. City of Columbus (1995),105 Ohio App.3d 728, 746; Alter v. Paul (1955), 101 Ohio App. 139, 142.
 {¶ 17} To determine whether appellant timely filed his claim for false arrest, we must ascertain when that claim accrued. Appellant was arrested on February 29, 2000, but he did not file his action for false arrest until February 28, 2002, nearly two years later. The trial court concluded that appellant's cause of action for false arrest accrued on the date of his arrest and that his claim was therefore time-barred when he initially filed his complaint on February 28, 2002. We agree.
 {¶ 18} Despite recognizing the existence of case law to the contrary, appellant contends that his cause of action for false arrest accrued, not on the date of his arrest, but when the criminal charges against him were dismissed on April 2, 2001, less than one year prior to the filing of his initial complaint. This court has previously rejected arguments that a cause of action for false arrest accrues only upon termination of the underlying criminal proceedings. See Mayes at 746 (rejecting claim that the limitations period on a false arrest claim did not begin to run until the appellant was acquitted and released from jail). In Reagan v.City of Alliance (May 4, 1987), Stark App. No. CA-7069, the Fifth District Court of Appeals reasoned that an action for false arrest is not dependent upon the outcome of the underlying criminal proceeding and, thus, found that a cause of action for false arrest accrued as of the plaintiff's arrest, when the plaintiff possessed all operative facts necessary to conclude that the arrest was illegal. In Haller v.Borror (June 14, 1994), Franklin App. No. 93APE12-1657, this court agreed with the court's analysis in Reagan and rejected the appellant's argument that his false *Page 8 
arrest claim did not accrue until a nolle prosequi was entered. Accordingly, we find that appellant's cause of action for false arrest accrued on February 29, 2000, the date of his arrest, and that the one-year statute of limitations bars such claim.
 {¶ 19} We now turn to appellant's malicious prosecution claim. The tort of malicious criminal prosecution protects a criminal defendant's right to recover damages caused by misuse of criminal actions. SeeTrussell v. Gen. Motors Corp. (1990), 53 Ohio St.3d 142, 144. To sustain an action for malicious prosecution, a plaintiff must establish: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in his favor.Ash v. Ash (1995), 72 Ohio St.3d 520, 522, citing Trussell. Actions for malicious prosecution have been met with disfavor by Ohio courts, which have allowed recovery only when a plaintiff fully complies with the requirements of such an action. Dailey v. First Bank of Ohio, Franklin App. No. 04AP-1309, 2005-Ohio-3152, at ¶ 14. Thus, a plaintiff's failure to establish any one element by a preponderance of the evidence is fatal to a malicious prosecution claim. Id.
 {¶ 20} Because it is determinative of this appeal, we begin our analysis of appellant's malicious prosecution claim with the second element, lack of probable cause. For purposes of malicious prosecution, probable cause is defined as "`[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'" Id. at ¶ 15, quoting Ash v.Marlow (1851), 20 Ohio 119, paragraph one of the syllabus; Huber v.O'Neill (1981), 66 Ohio St.2d 28, 30. Lack of probable cause generally becomes the essence of a malicious prosecution *Page 9 
action because malice may be inferred in the absence of probable cause.Fair v. Litel Communication, Inc. (Mar. 12, 1998), Franklin App. No. 97APE06-804; Melanowski v. Judy (1921), 102 Ohio St. 153, 155. Thus, malice becomes material only if a lack of probable cause appears.Waller v. Foxx (Oct. 6, 1982), Hamilton App. No. C-810568. If probable cause exists, no action for malicious prosecution will lie, even if the plaintiff can demonstrate actual malice. Id.; Agner v. The KrogerCo. (Oct. 25, 1984), Defiance App. No. 4-83-11.
 {¶ 21} The determination of whether a criminal prosecution was initiated or continued in the absence of probable cause entails inquiry into the facts and circumstances known to or reasonably within the contemplation of the defendant at the time of the instigation of criminal proceedings. McFinley v. Bethesda Oak Hosp. (1992),79 Ohio App.3d 613, 616-617. Probable cause does not depend on whether the plaintiff was guilty of the offense charged. Waller. The defendant need not have evidence sufficient to ensure a conviction; he is required only to have evidence sufficient to justify an honest belief of the accused's guilt. Brown v. Crestmont Cadillac, Cuyahoga App. No. 87460,2006-Ohio-5734, at ¶ 14, citing Epling v. Pacific Intermountain ExpressCo. (1977), 55 Ohio App.2d 59, 62. The issue of probable cause, while ordinarily one of fact to be resolved at trial, may be determined as a matter of law upon a record that allows for only one reasonable conclusion. McFinley at 617, citing Huber
 {¶ 22} The return of an indictment by a grand jury raises a rebuttable presumption that probable cause existed for the institution of prosecution, and it is the plaintiff's onus to rebut such a presumption.Dailey at ¶ 16, citing Mayes at 737-738; Waller. To do so, the plaintiff must "`produce "substantial" evidence that the return of *Page 10 
the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise "significantly" irregular.'" Reinoehl v.Trinity Universal Ins. Co. (1998), 130 Ohio App.3d 186, 196, quotingFair. Recognizing that grand jury evidence is usually secret, this court has stated that a plaintiff may also rebut a presumption of probable cause by introducing "evidence of a substantial nature which counterbalances the presumption." Mayes at 738.
 {¶ 23} Here, the Franklin County Grand Jury returned an indictment against appellant for three counts of theft of prescription drugs. The indictment gives rise to a rebuttable presumption that appellees had probable cause to initiate criminal proceedings against appellant. Appellant does not argue or present evidence that the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular. Nor does appellant point to evidence of a substantial nature to counterbalance the presumption of probable cause arising from the indictment.
 {¶ 24} It is undisputed that appellant left the Kroger store with his prescriptions without paying for them. Although he contends that he was unaware of his co-payment obligation at the time, appellant does not now dispute that he owed co-payments in the amount of $119.71. In fact, in his complaint, appellant expressly admits that his insurance only partially covered his prescriptions. Moreover, the Grand Jury was aware of appellant's stated belief that his insurance paid for his prescriptions in full from the Grand Jury Summary, prepared by Detective CD. Slagle. While appellant's belief that he owed nothing for his prescriptions may have been relevant to create a reasonable doubt as to his guilt in a criminal trial, it does not dispel appellees' reasonable suspicion, *Page 11 
based on the facts and circumstances known to them or reasonably within their contemplation, that appellant was guilty of theft. SeeMcFinley at 618. Appellant points to no other evidence to overcome the presumption that appellees had probable cause to initiate criminal proceedings against him.
 {¶ 25} Upon review, we find that appellant failed to present evidence to overcome the presumption of probable cause that arose by virtue of appellant's indictment. Because reasonable minds may only conclude that appellees had probable cause to initiate criminal proceedings against appellant, appellant's claim for malicious prosecution fails as a matter of law, regardless of whether he can establish the remaining two elements of his claim. Therefore, we need not address whether appellees acted with malice or whether the criminal proceedings terminated in appellant's favor before concluding that the trial court appropriately entered summary judgment in favor of appellees on appellant's malicious prosecution claim.
 {¶ 26} For the aforestated reasons, we conclude that the trial court did not err in granting appellees' motion for summary judgment. Thus, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although the motion for summary judgment lists only Kroger as the movant, the parties entered a stipulation, dated December 5, 2006, in which they agreed that the motion for summary judgment was submitted on behalf of both Kroger and Heeter. *Page 1