DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals a summary judgment issued by the Wood County Court of Common Pleas to defendants in a malicious prosecution/wrongful incarceration suit. For reasons that follow, we reverse and remand for further consideration.
 {¶ 2} On May 25, 2005, appellant, Christine Baldonado, was injured when the car she was driving was struck from behind by a semi tractor-trailer rig. The vehicle *Page 2 
appellant was driving was owned by her father-in-law and loaned to appellant and her husband for their use.
 {¶ 3} The car appellant was driving was eventually towed to the Bowling Green body shop of appellee Ralph Thayer Chevrolet, Inc. According to appellant, her insurer advised her to rent a replacement car during repairs as this would be paid by the trucker's insurer.
 {¶ 4} In a car rental agreement dated the same day as the accident, appellant rented from Thayer a 2001 Chevrolet Prism for $25 per day. The rental agreement contains the name of appellant's insurer, Progressive, the name of the insurer's local agent, and her policy number. In a box marked "Bill to" is handwritten "Progressive" accompanied by a claim number. The parties agree that six days later appellant upgraded to a larger vehicle at a rental cost of $35 per day. This transaction is memorialized in a second rental agreement inexplicably dated "7-6-06" which reiterates the insurance information from the first form.
 {¶ 5} According to the affidavit of Thayer's service administrator, at the end of June, while conducting a file review, he noted that the car appellant had rented had not yet been returned. The administrator averred that he believed this was an unusually long time for a rental and inquired of the status of appellant's body repair with Thayer's body shop. According to the administrator, he was told the car had been declared a total loss. The administrator states that he, "* * * then had discussions with the insurer * * * and was told that the owner of the vehicle had been compensated for the loss." *Page 3 
 {¶ 6} The service administrator reports that he next attempted to contact appellant at the telephone number provided on the rental agreement, but no one answered. The administrator says that he then called someone at the address identified on the form as appellant's who identified herself as appellant's mother-in-law. According to the administrator, he left a message that, if appellant wished to keep the rental, she would have to deposit $1,000 as security. After doing so, the administrator averred, he contacted appellee Ryan M. Tackett, a Bowling Green police officer.
 {¶ 7} According to appellant's affidavit testimony, near the end of June 2006, her father-in-law relayed a message to her that Officer Tackett wanted to talk to her and that if she did not respond by 6:00 p.m. he would have a warrant for her arrest issued. Appellant states that she talked to the officer who told her that Thayer wanted its car back. Appellant says that when she told the officer that insurance would pay, he advised her to contact Thayer.
 {¶ 8} Appellant continues that she spoke to Thayer representatives, resulting in Thayer contacting the adjuster for the insurer of the trucker who hit her. Appellant averred that on July 2 or 3, a Thayer representative left a message advising that the adjuster had agreed to pay. A later second message from Thayer, however, advised that this authorization had been reduced to $960. According to appellant, on the evening of July 5, after her 10:30 p.m. nursing home shift ended, she left the rental car in Thayer's lot with the keys inside. Appellant insists that prior to this drop-off, she had previously assured Thayer that she would pay the remaining unpaid $542. Appellant maintains that *Page 4 
her husband told Thayer representatives that the remainder would be paid from the pending personal injury settlement or by installments, but Thayer representatives refused both offers.
 {¶ 9} The affidavits of neither the Thayer service administrator nor appellee Tackett mention any pre-drop-off discussions between appellant and either appellee. Instead, the service manager states only that he found the car one morning in the Thayer lot, the keys in the center console. Appellee Tackett states that the service manager advised him that the car was left on the lot on July 6, 2006, "* * * with the keys thrown on the floor * * *." According the officer, he "* * * was told by someone at Thayer Chevrolet that an insurance company had paid $960 and that [appellant] had failed to pay $540."
 {¶ 10} Appellee Tackett continued, stating that he attempted to call appellant several times, but only reached her once at which point appellant advised him that she was "adding [the $540] to the bankruptcy she was filing, and that I could go ahead and file charges." On July 10, 2006, appellee Tackett prepared a criminal complaint, accusing appellant of theft of services, in violation of R.C. 2913.01. According to appellee Tackett, however, he decided to withhold filing a complaint "* * * to see if she had paid the balance * * *." The file date is illegible, but at some later point, appellee Tackett filed the complaint.
 {¶ 11} On October 22, 2006, appellant was arrested, handcuffed and taken to the Wood County Justice Center where she was booked and held overnight. She was *Page 5 
arraigned in the Bowling Green Municipal Court the following day and released on her own recognizance.
 {¶ 12} On November 20, 2006, the criminal complaint was dismissed on the state's motion, with court costs assessed to the state. A note on the dismissal indicated "Def. has paid all restitution." On November 29, 2006, appellant sued appellees for malicious prosecution and false arrest/wrongful imprisonment. Appellees answered appellant's complaint, denying wrongdoing.
 {¶ 13} On January 17, 2007, appellee Tackett moved for summary judgment, arguing that appellant could not prove malicious prosecution because she could not prove the termination of prosecution without compromise. Moreover, appellee Tackett continued, even though he mistakenly cited appellant under the wrong code section he, nonetheless, had done so with probable cause and without malice. With respect to the false arrest count, appellee Tackett asserted that it was a sheriffs deputy, not he, who actually arrested appellant. Appellee also insisted that he had not issued or authorized a warrant for appellant's arrest. Finally, appellee Tackett maintained that, because he was acting within the scope of his duty as a police officer, he was entitled to statutory immunity pursuant to R.C. 2744.03 (A).
 {¶ 14} Appellant responded to appellee Tackett's motion with her own affidavit contesting his assertion that the criminal case was resolved by compromise. According to appellant, the case was dismissed on the state's motion at the state's cost. Her payment of $542 to Thayer was not restitution, but merely final payment of a civil debt. With respect *Page 6 
to the remainder of appellee Tackett's arguments, appellant insists there was absolutely no evidence that she intended to steal rental services from Thayer: certainly not enough to establish probable cause. Indeed, appellant insisted, the overwhelming weight of the evidence indicated that this was no more than a civil dispute over the timeliness of payment between a provider of rental cars and a renter. Appellant argued that this lack of probable cause permits an inference of malice.
 {¶ 15} On February 5, 2006, appellee Thayer filed its own motion for summary judgment. Appellee Thayer reiterated appellee Tackett's argument that appellant had not shown prosecution terminated in her favor. Alternatively, appellee Thayer asserted, while the question of whether probable cause existed is ordinarily a question of fact, in this case, the only conclusion that could be reached was that there was indeed a probable cause for the officer's complaint. Appellee Thayer also asserted that appellant could produce no evidence linking it with false arrest or false imprisonment.
 {¶ 16} Appellant responded, renewing her initial arguments and adding the affidavit of appellant's counsel who averred that that he represented her in the criminal matter and that there had been no plea bargain or other agreement which might be construed as inculpatory in that matter. Indeed, counsel recounted, when the prosecutor moved to dismiss, the criminal court initially granted the motion with costs to appellant. When appellant's counsel objected, the prosecutor agreed that costs should be assessed to the state. Counsel insisted that the court's use of the word "restitution" in its dismissal entry was inaccurate. *Page 7 
 {¶ 17} Appellant coupled her response to appellee Thayer's motion with a motion for an extension of time to conduct discovery. Appellant requested 60 days to conduct depositions of the opposing parties.
 {¶ 18} On April 5, 2006, the trial court entered summary judgment in favor of appellees. The court found that appellant "* * *cannot establish, as a matter of law, that the prosecution at issue was terminated in her favor.* * * [Appellant] was not found innocent and the criminal charge was withdrawn as a result of compromise." The trial court denied appellant's motion for an extension of time to conduct discovery.
 {¶ 19} From this judgment, appellant now brings his appeal, setting forth the following two assignments of error:
 {¶ 20} "Assignment of Error No. I.
 {¶ 21} "The trial court erred in entering summary judgment on plaintiffs' malicious prosecution complaint, in favor of the defendants, Ryan M. Tackett and Ralph Thayer Chevrolet, Inc., on April 5, 2007, and erred in its determination that the dismissal of the underlying criminal case at the state . plaintiffs' [sic] request and at state plaintiffs' [sic] costs was not in favor of the criminal defendant, Christine (Hass) Baldonado.
 {¶ 22} "Assignment of Error II.
 {¶ 23} "The trial court erred in failing to grant plaintiffs motion for further time to take and file discovery depositions of defendants prior to its ruling on motion [sic] for summary judgment." *Page 8 
 {¶ 24} Appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 25} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 26} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. *Page 9 
 I. Malicious Prosecution. {¶ 27} "The elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." Trussel v. General Motors Corp. (1990), 53 Ohio St. 3d 142, syllabus. Legal malice need not be proved by evidence of actual ill will or evil intent. "[I]t may be evidenced by wanton and reckless refusal to make a reasonable investigation with regard to the propriety of prosecution, or by the refusal to terminate prosecution upon notice that it is wrongful." Kirk v. Edwards (1995), 103 Ohio App.3d 187, 191. Under some circumstances malice may be inferred by a lack of probable cause. Id.; Me lanowski v. Judy (1921), 102 Ohio St. 153, syllabus.
 {¶ 28} A determination of whether malice exists is ordinarily a question of fact, see Criss v. Springfield Twp. (1990),56 Ohio St.3d 82, 85, as is whether there was probable cause to institute prosecution.Evans v. Smith (1994), 97 Ohio App.3d 59, 69. There are ample factual questions presented from the submitted material as to whether Officer Tackett had probable cause to believe that appellant committed any crime.
 {¶ 29} With respect to whether a prosecution has been terminated in favor of the accused, many courts rather loosely characterize this as a determination made as a matter of law. In reality, such a determination must still be premised on the facts presented. It is just that in most cases the record from the prosecution inevitably leads to one conclusion or another. If a defendant is convicted, he or she has not had the prosecution *Page 10 
terminated in his favor. If the defendant is acquitted, this is unquestionably a favorable outcome.
 {¶ 30} Less clear cut is when there is an indecisive termination of the proceedings which occurs when a charge is withdrawn. When a charge is withdrawn, we look to see whether the withdrawal is inconsistent with guilt. "The abandonment of the proceedings because the accuser believes that the accused is innocent or that a conviction has, in the natural course of events, become impossible or improbable, is a sufficient termination in favor of the accused." Restatement of the Law, 2d, Torts (1977), 420, Section 660, Comment d. Alternatively, where a charge is withdrawn because new proceedings for the same offense have been instituted, the misconduct of the accused prevents a proper trial, mercy is requested or accepted by the accused, or there is an agreement of compromise, termination is not in favor of the accused. Id. at 419-420, Section 660(a)-(d).
 {¶ 31} In the present matter, the trial court, relying on restatement of torts Section 660(a), found that the dismissal appellant obtained in the criminal matter was the result of compromise and, therefore, appellant could not make out a prima facie case of malicious prosecution. This determination was erroneous.
 {¶ 32} Clearly, a question of fact exists as to whether the dismissal of the criminal charge was the result of a compromise agreement. Both appellant and her counsel submitted affidavits attesting that there was no compromise agreement. Counsel, indeed relates that when the criminal court began to assess costs to appellant, she objected and, *Page 11 
with the state's concurrence, the court did not assess costs to her. Evidence of this can be seen in the court's handwritten judgment entry in which a "costs" to "D" has been changed to "P." Dismissal of a criminal complaint with the assessment of costs to the state may be considered presumptively as a determination in favor of the accused. Compare Clark v. Marc Glassman, 8th Dist. No. 86190, 2006-Ohio-1335, ¶ 17.
 {¶ 33} Appellee Tackett submitted an opposing affidavit in which he stated that the prosecutor sought his consent to dismiss the charge, implying that his agreement was necessary in the negotiations. At best, these competing affidavits set up a question of material fact which would preclude summary judgment.
 {¶ 34} Accordingly, appellant's first assignment of error is well-taken. II. Denial of Extension for Discovery.
 {¶ 35} In her second assignment of error, appellant asserts that the trial court erred in denying her motion for additional time to obtain depositions and other discovery from appellees.
 {¶ 36} Whether to grant an extension so that a party may respond to a motion for summary judgment rests within the sound discretion of the court, Perkins v. Land Rover, 7th Dist. No. 03 MA 33, 2003-Ohio-6722, ¶ 7, and will not be disturbed absent an abuse of that discretion.Tilberry v. McIntyre (1999), 135 Ohio App.3d 229, 234. An abuse of discretion is more than a lapse of judgment or mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 168-169. *Page 12 
 {¶ 37} This assignment of error goes more to the false imprisonment/arrest claim and appellee Tackett's assertion of statutory immunity. Once it is concluded that the malicious prosecution claim is unsupportable, the questions raised in these matters are essentially moot. Therefore, there is little reason to prolong discovery, even though appellant was well within the court's original scheduling order. When the court granted summary judgment the case was only slightly more than four months old.
 {¶ 38} Appellant's stated reason for the extension was to explore the relationship between appellee Thayer and appellee Tackett and why the phrase "no bail" was attached to appellant's arrest warrant. This could produce evidence to negate appellee Tackett's immunity claim and determine what information and instructions passed between appellees that precipitated the filing of the complaint that resulted in appellant's arrest and incarceration.
 {¶ 39} Thus, while it may have been reasonable to deny the extension when it was believed that the principal claim was undermined, such denial is not reasonable when it is properly concluded that questions of fact negate the issuance of summary judgment on the malicious prosecution claim. Consequently, the trial court abused its discretion in denying the motion. Accordingly, appellant's second assignment of error is well-taken.
 {¶ 40} On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed. This matter is remanded to set court for further proceedings consistent with this decision. Appellees are ordered to share equally in the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in the *Page 13 
preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., concur. *Page 1