[Cite as *Sammour v. Ohio Bur. of Workers' Comp.*, 2023-Ohio-2841.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IBRAHIM A. SAMMOUR | Case No. 2021-00266JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Scott Sheets |
| v. | <u>ENTRY GRANTING DEFENDANT'S</u> |
| OHIO BUREAU OF WORKERS'<br>COMPENSATION | <u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Before the Court is Defendant's Motion for Summary Judgment, to which Plaintiff did not respond. For the following reasons, Defendant's Motion is GRANTED.

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the

nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶4} Plaintiff, who is self-represented, appears to assert two claims for malicious prosecution in his Complaint. More specifically, Plaintiff asserts that Defendant investigated him for fraud related to workers' compensation benefits but that, after both an administrative hearing and appeal, neither hearing officer made a finding of fraud. Complaint ¶ 12. He also alleges that Defendant initiated a criminal prosecution against him, Case No. CR-20-654176-A, in the Cuyahoga County Common Pleas Court.[1] *Id.*; *see* Complaint Exhibits.[2] Plaintiff further alleges that Defendant's actions led to his inability to get treatment for his work injury, a suicide attempt, the loss of his job, and the sale of his house. He seeks $1 million in damages. *Id.* ¶¶ 13-14. In his Complaint, Plaintiff twice references the date of March 14, 2020, once in describing the date and time when his damages occurred and again when he references the date of the criminal offense that formed the basis of Case No. CR-20-654176-A. *Id.*

{¶5} In support of its Motion for Summary Judgment, Defendant submitted the affidavit of Phillip J. Brickman, who is currently employed as Assistant Director but who previously supervised agents investigating fraud on Defendant's behalf. Defendant's Exhibit B, Affidavit of Phillip J. Brickman, ¶¶ 1; 3. Defendant also attached the journal

---

[1] Plaintiff filed his Complaint in this case prior to entering a guilty plea in Case No. CR-20-654176-A. *See* Complaint (filed on May 12, 2021); Defendant's Exhibit A (guilty plea entered on May 25, 2022).

[2] Plaintiff's Complaint was filed on May 12, 2021, but exhibits were filed separately on May 18, 2021.

entry for Plaintiff's plea agreement in Case No. CR-20-654176-A as Exhibit A to its Motion. Exhibit A shows that Plaintiff was indicted on two counts of aggravated menacing and one count of retaliation, but Plaintiff resolved the case by entering a plea of guilty to one count of the lesser included offense of obstructing official business. While it is not among the materials listed in Civ.R. 56(C) and is not authenticated via affidavit, the Court takes judicial notice of Plaintiff's guilty plea in his related criminal case.[3]

{¶6} The following facts are established by Brickman's affidavit. Defendant investigated allegations of fraud against Plaintiff, which were reviewed by the Industrial Commission. Defendant's Exhibit B ¶¶ 3-4. Though the Industrial Commission found an overpayment to Plaintiff, it did not find fraud. *Id.* ¶ 4. After the conclusion of the workers' compensation investigation, Plaintiff contacted Defendant and made threats against its employees and their families. *Id.* ¶¶ 5-7. The threats were reported to the Ohio State Highway Patrol, which investigated the threats. *Id.* ¶ 8. As a result, the Cuyahoga County Prosecutor's Office prosecuted Plaintiff in Case No. CR-20-654176-A in the Cuyahoga County Court of Common Pleas. *Id.* ¶¶ 8-9. Plaintiff eventually entered a guilty plea in that case. *Id.* ¶ 10; Defendant's Exhibit A. Plaintiff has not challenged the facts set forth in Brickman's affidavit.

{¶7} In seeking summary judgment, Defendant asserts that Plaintiff cannot establish the elements of malicious criminal prosecution. "[M]alicious prosecution involves the misuse of the criminal and civil process." *Lacey v. Ohio Auditor of State*, 10th Dist. Franklin No. 19AP-110, 2019-Ohio-4266, ¶ 14. "The tort of malicious criminal prosecution protects a criminal defendant's right to recover damages caused by misuse of criminal actions." *Petty v. Kroger Food & Pharmacy*, 10th Dist. Franklin No. 07AP-92, 2007-Ohio-5098, ¶ 19. Moreover, "[t]he tort of malicious prosecution in a criminal setting requires proof of three essential elements: '(1) malice in instituting or continuing the

---

[3] A court can take judicial notice of "pleadings and orders in related cases when these are not subject to reasonable dispute, at least in so far as they affect the present original action" and which, in addition to being maintained by a clerk, are publicly accessible via a court's online case information system. Evid. R. 201; *See State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶¶ 12; 33; *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *Draughon v. Jenkins*, 4th Dist. Ross No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶¶ 8, 10; *Woods Cove III, LLC v. Straight,* 10th Dist. Franklin No. 17AP-340, 2018-Ohio-2906, ¶¶ 22-23.

prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.'" *Froehlich v. Ohio Dept. of Mental Health*, 114 Ohio St.3d 286, 2007-Ohio-4161, 871 N.E.2d 1159, ¶ 10, quoting *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146, 559 N.E.2d 732 (1990).

**{¶8}** A "proceeding is 'terminated in favor of the accused' only when its final disposition indicates that the accused is innocent." *Ash v. Ash*, 72 Ohio St.3d 520, 522, 651 N.E.2d 945 (1995). It generally requires "an unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused." *Id.* Termination of prosecution "by reason of a voluntary settlement or agreement of compromise with the accused is not indicative of guilt or innocence and, therefore, is not a termination in favor of the accused." *Id.* The Court also notes that, "[t]he plea of guilty is a complete admission of the [criminal] defendant's guilt." *See* Crim. R. 11(B)(1).

**{¶9}** The Court finds that Plaintiff cannot establish the third element of a malicious criminal prosecution claim that the criminal charges against him were terminated in favor of the accused. Thus, Defendant is entitled to judgment as a matter of law and summary judgment in its favor on any malicious prosecution claim premised on his prosecution in Case No. CR-20-654176-A. Because Plaintiff's failure to satisfy the third element of malicious criminal prosecution is dispositive, the Court need not address Defendant's arguments regarding the remaining elements of malicious criminal prosecution.

**{¶10}** As it relates to the workers' compensation fraud investigation, Defendant asserts that "there is no evidence that the agents who investigated the underlying fraud allegations were acting maliciously." Malice "may be evidenced by wanton and reckless refusal to make a reasonable investigation with regard to the propriety of prosecution, or by the refusal to terminate prosecution upon notice that it is wrongful." *Kirk v. Edwards*, 103 Ohio App.3d 187, 191, 658 N.E.2d 1124 (10th Dist.1995). In the present case, Defendant has submitted evidence that it investigated Plaintiff based on "allegations of fraud." Defendant's Exhibit B ¶ 4. Moreover, though the hearing officers made no finding of fraud, they did determine that Defendant overpaid Plaintiff. *Id.* Thus, the evidence establishes that Defendant investigated Plaintiff as part of its normal practices and there is a complete absence of evidence that Defendant or anyone on its behalf acted wantonly

or recklessly. To the extent that Plaintiff is asserting a separate claim based on the workers' compensation fraud investigation, the Court finds that Plaintiff has failed to establish the element of malice. Accordingly, the Court finds that there is no genuine issue of material fact regarding the lack of malice and, therefore, determines that Defendant is entitled to judgment as a matter of law on any such claim.

{¶11} Lastly, Defendant asserts that the Court lacks subject-matter jurisdiction over any constitutional claims. The Court agrees. Lacking subject-matter jurisdiction over constitutional claims or claims arising under 42 U.S.C. § 1983, such claims are not cognizable in this court. *Bleicher v. Univ. of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 307, 604 N.E.2d 783 (10th Dist.1992); *White v. Chillicothe Corr. Inst.*, 10th Dist. Franklin No. 92AP-1230, 1992 Ohio App. LEXIS 6718 (Dec. 29, 1992). In his Complaint, Plaintiff indicates, at one point, that the basis of his claim is "Malicious prosecution, 42 USC § 1983." Complaint ¶ 12. To the extent Plaintiff is attempting to assert a federal law malicious prosecution claim under 42 U.S.C. § 1983, it will be dismissed for lack of subject-matter jurisdiction.

{¶12} Defendant has met its initial burden, pursuant to Civ.R. 56(C), by showing that there are no genuine issues of material fact on a material element of Plaintiff's claims. However, in failing to respond to Defendant's Motion for Summary Judgment, Plaintiff has not met his reciprocal burden, pursuant to Civ.R. 56(E).

{¶13} Accordingly, Defendant's Motion for Summary Judgment is GRANTED. Any constitutional claims are DISMISSED without prejudice for lack of subject-matter jurisdiction. Defendant is entitled to judgment as a matter of law on all other claims. Court costs are assessed against Plaintiff. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed July 31, 2023**
**Sent to S.C. Reporter 8/15/23**